IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 1:17-00026-KD-B |
| ) | Civil Action No. 1:19-00452-KD-B |
| BRAD JASON LONG, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated November 9, 2020 is **ADOPTED** as the opinion of this Court with the following addition.

Defendant Brad Jason Long (Long), relying on the Supreme Court's decision in Rehaif v. United States 139 S.Ct. 2191 (2019), argues "the Government was unable to meet the burden" of proving Long knew he was a convicted felon. (Doc. 48 at 4). In conjunction with the Magistrate Judge's analysis of Long's Rehaif claim, Rehaif "was not made retroactive to cases on collateral review…" In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). And see In re Price, 964 F.3d 1045, 1049 (11th Cir. 2020) (same).

Accordingly, it is **ORDERED** that Petitioner's § 2255 petition, seeking to vacate, set aside, or correct his sentence (Doc. 48) is hereby **DENIED,** that this action be **DISMISSED,** and that a certificate of appealability is hereby **DENIED** as he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** this **16th** day of **December 2020**.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**